IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA DURHAM, individually and on behalf of all similarly situated workers, § § § § | | |
| Plaintiffs, § | | |
| § | Cause No. 4:24-cv-4256 | |
| v. § | | |
| § | | |
| DMHT, LLC, ITAMAR LEVY, AND ITAI BEN-ELIT, § § | | |
| Defendants. § | A Jury is Demanded. | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendants DMHT, LLC, Itamar Levy, and Itai Ben-Elit own and operate restaurants in the Houston and Austin areas. These Defendants have a business plan that includes requiring employees to work off-the-clock hours without pay, urging/recommending employees report to work 15 minutes before shift, but not permitting them to clock in early, and paying employees sub-minimum wage pay while awarding tips to managers. Ms. Durham brings this lawsuit against Defendants to recover her wages and overtime for time worked off the clock and to recover her improperly taken tips. Defendants have also taken the tips earned by other hourly employees who have also been damaged, so this case is brought as a collective action complaint to give them an opportunity to seek redress.

**Facts Supporting Relief**

1. Defendants hired Ms. Durham on July 20, 2023 to carry out various tasks involving the service, purchase, and sale of wine at their restaurant Doris Metropolitan in Houston Texas.

2. Defendants assigned Ms. Durham numerous duties, including, but not limited to, ordering wine, advising customers on wine, paperwork related to purchasing of wine, and maintaining and cataloging the inventory of wine at the restaurant. Ms. Durham also created educational materials for the staff about different wines in the restaurant and trained the staff on those materials.

3. Defendants required Ms. Duram to work closing at least two nights a week and if there were other duties at the restaurant, they were given to her as assigned.

4. Defendants required Ms. Durham to attend taste tests and business lunches on her days off. Defendants knew Ms. Durham was attending these parties, but did not pay her for that time. These taste tests and lunches typically lasted two hours or more and took place two or three times per month.

5. In addition, Defendants required Ms. Durham to maintain and update a comprehensive list of the full inventory of wine in the restaurant. Defendants did not provide a computer for Ms. Durham to complete this task, so Ms. Durham was forced to maintain the inventory at home, one her own computer, after hours. Defendants were aware of this work and the time involved.

6. Defendants also urge/recommend that all employees arrive at work 15 minutes before their shift begins, but do not allow them to clock in until just before the shift starts or when the shift starts.

7. Defendants guaranteed Ms. Durham $80,000.00 per year (including tips) and paid her $12.00 per hour as a wage.

8. Defendants required employees to clock in and out to keep track of their hours.

9. Defendants paid Ms. Durham overtime for hours that were recorded, but did not pay Ms. Durham for off-the-clock hours.

10. Defendants pooled tips and paid wait staff a sub-minimum hourly wage.

11. Because Ms. Durham spent her time serving customers, Defendants included Ms. Durham in the tip pool.

12. In violation of the FLSA, Defendants permitted management personnel to share in the tip pool.

13. Defendants violated the law by taking tips from the tip pool and distributing them to management employees.

14. An employer is only allowed to pay sub-minimum wages by meeting the requirements of taking the "tip credit" under the FLSA. The FLSA has specific rules that must be followed in order to qualify for a tip credit.

15. Defendants did not give any of its employees the notice required under the FLSA in order to pay tipped workers less than the federal minimum hourly wages.

16. Defendants did not allow Ms. Durham or other employees to keep all of their tips.

17. In addition, the Defendants' actions likely resulted in individual employees not being paid a minimum wage for hours worked in a work week.

## Allegations Regarding FLSA Coverage

18. Defendant DMHT, LLC is covered by and subject to the overtime requirements of the FLSA.

19. During each of the three years prior to this complaint being filed, all DMHT, LLC was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

20. During each of the three years prior to this complaint being filed, DMHT, LLC regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

21. During each of the three years prior to this complaint being filed, DMHT, LLC conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

22. During each of the three years prior to this complaint being filed, DMHT, LLC's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Ms. Durham's Claims for Unpaid Off-The-Clock Hours and Overtime

23. Defendants required Ms. Durham to work time for which they did not pay her.

24. At least three times per month, and sometimes more, Ms. Durham was required to attend and participate in wine-tastings and other business functions on her day off.

25. Defendants did not pay Ms. Durham for the time she spent attending wine tastings and similar functions.

26. Defendants were aware of these events because Ms. Durham reported the events to Defendants and demonstrated participation by purchasing various wines related to those events.

27. Defendants also required Ms. Durham to update the wine inventory on a daily basis.

28. The Defendants did not provide space or time at work for Ms. Durham to carry out these functions, so she was required to update the inventory on her home computer.

29. Defendants did not pay Ms. Durham for any of these hours spent off-the-clock, including but not limited to keeping inventory, attending off site tastings and other events, and carrying out other duties as assigned..

30. Defendants encouraged Ms. Durham to do this work, as well as other duties and tasks while not clocked in, but not report her hours on the time-keeping system.

### **Plaintiffs' Claims For Stolen Tips:  Collective Allegations**

31. The restaurant is run by its owners, Itamar Levy and Itai Ben-Elit.  These Defendants made the decisions to compensate and manage the employees of the restaurant under the same policies and subjected the employees to identical terms and circumstances of employment. Both Mr. Levy and Mr. Ben-Elit were intimately involved with the management of the restaurant, and they had the power to and did in fact control the compensation policies of DMHT, LLC, and the restaurant, including the policy of sharing tips with management personnel and of not following all of the legal requirements for employing tipped workers.

32. Defendants were legally required to pay Plaintiff and her co-workers ("Similarly Situated Workers") all of the tips that customers paid to them. Instead, Defendants improperly and illegally paid portions of the tips to individuals who were not entitled to receive tips.

33. Defendants were legally required to give Plaintiff and her co-workers the notice set forth in the FLSA tip credit regulations. Defendants did not do so.

34. Defendants were legally required to keep records of the hours worked and pay received (including tips) by Plaintiff and her co-workers. Defendants did not do so.

35. Defendants were legally required to keep track of the hours worked by Plaintiff and her co-workers in order to secure the right to pay them a sub-minimum wage. Defendant did not do so.

36. Mr. Levy controlled the manner in which Ms. Durham and Similarly Situated Workers were compensated and was directly responsible for the fact that tips were illegally distributed to managers and that hours worked off-the-clock were not paid. Mr. Levy knew that Ms. Durham regularly worked more than 40 hours per week and that Ms. Durham was working on her off day and nights without compensation. Mr. Levy was also individually an employer, as that term is defined under the FLSA, of Ms. Durham and all other employees.

37. Mr. Ben-Elit controlled the manner in which Ms. Durham and Similarly Situated Workers were compensated and was directly responsible

for the fact that tips were illegally distributed to managers and that hours worked off-the-clock were not paid.  Mr. Ben-Elit knew that Ms. Durham regularly worked more than 40 hours per week and that Ms. Durham was working on her off day and at night without compensation.  Mr. Ben-Elit was also individually an employer, as that term is defined under the FLSA, of Ms. Durham and all other employees.

38. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation, failure to pay all hours worked, illegally distributing tips to manager, and compensating employees with sub-minimum wages.  Such practices were and continues to be, with regard to the Similarly Situated Workers, a clear violation of the FLSA.

39. The Defendants' knowing, willful, and reckless disregard of the rights of Ms. Durham and the Similarly Situated Workers is sufficient to subject them to willful finding under the Fair Labor Standards Act which extends the statute of limitations to three years prior to the filing of this original complaint.

40. Mr. Levy and Mr. Ben-Elit are seasoned businessmen and have been running businesses and paying employees for some time. These

individuals would have to be aware of the provisions of the Fair Labor Standards Act and there have been numerous cases and reported decisions regarding the Fair Labor Standards Act and what is required when employing hourly workers.

41. Defendants did not steal Plaintiff's tips or refuse to pay off-the-clock hours and overtime by accident. Rather, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice with respect to Plaintiff and Similarly Situated Workers. Such practice was and continues to be a clear violation of the FLSA.

## Causes of Action

## Violation of the FLSA:  Failure To Pay Ms. Durham For All Hours Worked and Overtime

42. Ms. Durham incorporates all previous averments of fact as if repeated herein verbatim.

43. Defendants paid Ms. Durham an hourly rate.  Ms. Durham clocked in and out from the restaurant and was paid for all the hours that were reflected in the time clock system.

44. Defendants also required Ms. Durham to engage in work activities without pay such as participation in meetings regarding wine, preparing inventory lists, and arriving at work before shifts.

45. Defendants failure to pay Ms. Durham all the hours and overtime that was required by law has caused damages to Ms. Durham for which she now sues.

46. Ms. Durham was required to hire an attorney to prosecute these claims and has incurred reasonable and necessary attorney's fees and expenses. Ms. Durham seeks recovery of those damages in this suit.

**Violation of the FLSA – Failure to Pay All Tips to Tipped Workers**

47. Ms. Durham incorporates all previous averments of fact as if repeated herein verbatim.

48. Defendants violated the FLSA by not paying Ms. Durham all of the tips that customers left her. Instead, the Defendants paid tips received from customers to managers who are not entitled to tips.

49. Defendants violated the FLSA by not keeping an accurate record of the hours that Ms. Durham worked.

50. Ms. Durham has suffered damages as a direct result of Defendants' illegal actions.

52. Defendants are liable to Ms. Durham for the wrongfully taken tips, liquidated damages in an amount equal to the stolen tips, attorney's fees and costs of Court under the FLSA. In addition, by stealing tips, failing to give proper notice of the tip credit, failing to keep accurate records of pay, Defendants have forfeited their right to use the tip credit with regard to Plaintiff and/or her coworkers. As a result, Defendants owes Plaintiff and the other workers the difference between the federal minimum wage and the wage paid to them for each hour that they worked as well as liquidated damages in an amount equal to the minimum wage differential, attorney's fees, and costs of court.

53. Defendants knew that they were taking Plaintiff's and her co-workers' tips yet continued to knowingly violate the FLSA's requirements. This means that the claims of the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

## Collective Action Allegations

54. The Defendants' failure to pay their tipped workers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers. This generally applicable policy is prohibited by the FLSA. Thus, Ms.

Durham's experience is typical of the experiences of the Similarly Situated Workers.

55. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants DMHT, LLC, Itamar Levy, and Itai Ben-Elit who were paid on an hourly basis and who were employed/engaged as tipped workers during the three-year period preceding the filing of this Complaint.**

56. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendants, Jurisdiction, and Venue

57. Defendant DMHT, LLC, is a Texas domestic limited liability company with its principal office in the Southern District of Texas, Houston Division.  DMHT, LLC, may served with process on its registered agent Van Buskirk, P.C., 5302 La Branch St., Houston, Texas 77004.

58. Defendant Itamar Levy is an individual owner and operator of DMHT, LLC and the restaurants.  Mr. Levin may be served with process at 2815 S. Shepherd Dr., Houston, Texas 77098.

59. Defendant Itai Ben-Elit is an individual owner and operator of DMHT, LLC and the restaurants.  Mr. Ben-Elit may be served with process at 2815 S. Shepherd Dr., Houston, Texas 77098

60. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants do business and are based within this judicial district.

## **Demand for Jury**

61. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all workers similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons who worked for the DMHT, LLC who were paid on an hourly basis and who received tips, during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid tips, unpaid wages, overtime pay, and minimum wages at the applicable rates;

3. An equal amount to the tip, wages, overtime, and minimum wage damages as liquidated damages;

4. Judgment against Defendants that their violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,
**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE**